## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.   1:23-cr-00300-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

1.   IKPONMWOSA ERHINMWINROSE,
2.   VICTOR TOBORE,
3.   NYERHOVWO AGBURE, and
4.   OREOLUWA ELEGBA,

    Defendants.

---

### GOVERNMENT'S UNOPPOSED MOTION FOR ALTERNATIVE
### VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)

---

The United States of America hereby moves, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to employ the victim notification procedures below, in lieu of those prescribed by § 3771(a), (b) and (c), on the grounds that the number of crime victims makes it impracticable to accord all of them the rights described in § 3771(a). Undersigned counsel has conferred with counsel for the defendants, who indicated they do not object to this motion.

In support of this motion, the government states as follows:

### Statutory Framework

1.    The Crimes Victims' Rights Act ("CVRA") provides certain rights to victims in federal criminal proceedings, including "[t]he right to reasonable, accurate, and timely

notice" of public court proceedings. 18 U.S.C. § 3771(a). The CVRA requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)." 18 U.S.C. § 3771(c)(1). It instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b).

2. The CVRA defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Even in cases involving a limited number of victims, the victim notification burdens imposed on the government can be significant. In cases involving hundreds of victims, the burdens imposed by the Crime Victims' Rights Act can be simply overwhelming. In recognition of this reality, for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides that, where "the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings."

### Proposed Alternative Notification Procedures

3. The defendants in this case were charged with using personal identifying information ("PII") of hundreds of real individuals located around the country. They used this PII to submit fraudulent Economic Injury Disaster Loan ("EIDL") applications,

Paycheck Protection Program ("PPP") applications, applications for unemployment benefits, and tax returns.

    4.    At the time of indictment, the government had identified approximately 170 individuals whose PII was used in one or more applications for government benefits or tax returns. The government researched and obtained last known contact information for these individuals. The government has mailed to these identified individuals, who they believe may be victims in this case, an initial letter that is consistent with the requirements set forth in section 3771(a). Specifically, this letter included the following information: (1) the name of the charged defendants, the case number, and a general summary of the pending charges; (2) a list of the crime victims' rights codified in section 3771(a); (3) the identities of the Assistant United States Attorney prosecuting this case and the Victim Witness staff, as well as contact information for the United States Attorney's Office for the District of Colorado; and (4) a description and explanation of how victims may receive future information regarding the case through the computerized operating system known as the Victim Notification System ("VNS"). If additional victims are identified, this letter would be sent to them with the same categories of information.

    5.    Thereafter, the government proposes that all notification will be provided by the VNS, which would allow victims to receive future case notices in three different ways. First, the VNS operates a call center which allows victims to call an automated system for information 24 hours a day. This call center provides information on future court hearings, historical court events, and case details, including charges filed, the outcome of the charges, any sentence imposed, and the defendant's custody status. Second, each victim

will be provided with a unique Victim Identification Number and Personal Identification Number, for viewing on the VNS website. This site will provide victims with all correspondence and any attachments, as well as the same basic information that they would receive by calling the VNS call center. Third, victims would have the opportunity to opt into VNS email notification, which would allow victims the option of receiving notice by email for every event that is covered under the Crime Victims' Rights Act. In essence, the VNS would replace the mailing of additional letters by providing victims an opportunity to receive the same information via a call center, website, or email.

## Conclusion

The government respectfully asserts that the number of potential victims in this case renders individual mailed notifications to each victim, as contemplated by sections 3771(a), (b), and (c), impractical. In such cases, the Crime Victims' Rights Act authorizes this Court to fashion reasonable, alternative notification procedures to effectuate the aims of the Act without unduly complicating or prolonging the proceedings. The government's notification procedures accomplish these goals.

Accordingly, for the reasons set forth above, the government requests the Court grant this motion for alternative victim notification procedures.

Respectfully submitted,

COLE FINEGAN
UNITED STATES ATTORNEY

By: *s/ Craig G. Fansler*
Craig G. Fansler
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
Craig.Fansler2@usdoj.gov
Attorney for the United States

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of December, 2023, I electronically filed the foregoing **GOVERNMENT'S UNOPPOSED MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

                          s/ *Ian McCandless*
                          Ian McCandless
                          Legal Assistant